SEALED

DANIEL G. BOGDEN
United States Attorney
KATHLEEN BLISS
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division
PATRICIA A. SUMNER
Trial Attorney
601 D Street NW, 5th Floor
Washington, DC 20530
(202) 616-4719/Fax: (202) 514-8336

FILED
FEB 22 2012
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

          Plaintiff,

v.

MANDIE L. ABELS,

          Defendant.

Case No.: 2:12-CR-58-PMP-RJJ
SEALED
PLEA MEMORANDUM

       The United States of America, by and through Daniel G. Bogden, United States Attorney, and Kathleen Bliss, Assistant United States Attorney, for the District of Nevada, and by and through Thomas E. Perez, Assistant Attorney General, and Patricia A. Sumner, Trial Attorney, for the Civil Rights Division of the Department of Justice; and MANDIE L. ABELS ("Defendant"), with her Counsel, Chad Bowers; submit this binding plea memorandum under

Federal Rules of Criminal Procedure 11(c)(1)(C).

## I.

## PLEA AGREEMENT

The United States and Defendant have reached the following plea agreement, which is **binding** on the Court.

### A. The Plea

Defendant will plead guilty to Count One of the Information, charging Conspiracy to Murder, in violation of Title 18, United States Code, Section 1117. The parties agree that, pursuant to Fed. R.Crim.P. 11(c)(1)(C), a sentence of 15 years imprisonment, followed by a five-year term of supervised release and restitution, as ordered by the Court, is the appropriate disposition of the case (hereinafter referred to as "Stipulated Sentence").

### B. Additional Charges

The United States Attorney's Office for the District of Nevada and the Department of Justice Civil Rights Division ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District of Nevada that culminated in this Plea Memorandum.

### C. Sentencing Guideline Calculations

1. Defendant understands that, although the parties agree to the Stipulated Sentence, the Court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining Defendant's sentence and whether or not to accept or reject the Stipulated Sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the Court may accept or reject the the Stipulated Sentence. Should the Court reject the Stipulated Sentence, this Plea Agreement is null and void. Should the Court accept the Stipulated Sentence, the Court is bound to impose a sentence of 15 years imprisonment, followed by a five-year term of supervised release and restitution. The Stipulated Sentence, however, does not take into account any motion

by the United States filed under Fed.R.Crim.P. 35, nor does this Agreement preclude the United States from filing such a motion if, in the government's sole discretion, such a motion is appropriate at some point in time.

2.      Relative to the applicable Sentencing Guidelines, if said Guidelines were to apply, Defendant and the United States agree to the following factors under the U.S.S.G.:

**Count One**

   a.   The base offense level is 43.  [U.S.S.G. § 2A1.5 cross-referencing U.S.S.G § 2A1.1].

   b.   Before any reduction for acceptance of responsibility, the adjusted base offense level calculated by the parties for Count One is 43.

3.      The Stipulated Sentence encompasses acceptance of responsibility by Defendant.  However, the United States reserves the right to withdraw from this Plea Agreement, should Defendant violate any of the following provisions:  Defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding Defendant's involvement; or (d) attempts to withdraw the guilty plea.

4.      Defendant's Criminal History Category will be determined by the Court under Chapter Four of the U.S.S.G.

5.      The parties understand that the stipulated U.S.S.G. calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the Plea Agreement may be considered in determining the offense level, specific offense characteristics, and other related factors.  In that event, Defendant will not withdraw Defendant's plea of guilty if the Court accepts the Stipulated Sentence herein.

D.   **Other Sentencing Matters**

   1.   The parties stipulate that no other guideline enhancements or reductions,

except those described herein, should apply in calculating the total advisory guideline offense level.

   2. The Defendant agrees that the Stipulated Sentence is a reasonable sentence under the factors set forth in 18 U.S.C. § 3553(a).

   4. Defendant agrees that the Court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining whether or not to accept or reject this Plea Agreement.

### E. Fines and Special Assessment

   1. Defendant agrees that the Court may impose a fine due and payable immediately upon sentencing.

   2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

### F. Restitution

Defendant will make restitution in an amount to be determined by the Court, which Defendant agrees may include relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

### G. Waiver of Appeal

In exchange for the concessions made by the United States in this Plea Agreement, Defendant knowingly and expressly waives the right to appeal the Stipulated Sentence and further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742. Defendant waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

### H. Waiver of Statute of Limitations

In exchange for the concessions made by the United States in this Plea Agreement, Defendant knowingly and expressly waives any defense of statute of limitations to the charge of Conspiracy to Murder (18 U.S.C. § 1117) as set forth in Count One of the Information. Defendant also agrees that in the event that the Court rejects this Plea Agreement for any reason; or that Defendant enters a guilty plea but later withdraws it; or that Defendant, after signing this Plea Agreement, fails for any reason to enter a guilty plea, Defendant waives any defense of statute of limitations to any charge the United States may bring against her. Defendant understands this right and waives it knowingly, voluntarily, and intelligently.

### I. Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, Defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against Defendant under Fed.R.Evid. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event Defendant does not plead guilty or withdraws Defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on Defendant's behalf; and (b) Defendant expressly waives any and all rights under Fed.R.Crim.P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless in writing and signed by all parties.

### J. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and the Civil Rights Division of the Department of Justice and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States

Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving Defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

**K.      Cooperation**

1.      Defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning her knowledge of all other persons who are committing or have committed offenses against the United States, and agrees to cooperate fully with the United States in the investigation and prosecution of such persons. Defendant agrees that the information she provides can be used against her to establish relevant conduct. Defendant understands that her cooperation is based on the following terms and conditions:

(a)      Defendant shall cooperate truthfully, completely and forthrightly with the United States Attorney's Office for the District of Nevada (this Office) and other Federal, state and local law enforcement authorities identified by this Office in any matter as to which the United States deems the cooperation relevant.

(b)      Defendant shall promptly turn over to the United States or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime; any and all of which may be subject to forfeiture under relevant statutes, and Defendant shall not file a claim in any such forfeiture action.

(c)      Defendant shall submit a full and complete accounting of all her financial assets, whether such assets are in her name or in the name of a third party.

(d)      Defendant shall testify fully and truthfully before any Grand Jury in the District of Nevada, and elsewhere, and at all trials of cases or other Court proceedings in the District of Nevada and elsewhere, at which her testimony may be deemed relevant by the United States.

(e) Defendant agrees not to commit any criminal violation of local, state or federal law during the period of her cooperation with law enforcement authorities pursuant to this Agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under this agreement. However, Defendant acknowledges and agrees that such a breach of this Agreement will not entitle her to withdraw her plea of guilty. Defendant further understands that, to establish a breach of this agreement, the United States need only prove Defendant's commission of a criminal offense by a preponderance of the evidence.

2. Defendant acknowledges and understands that during the course of the cooperation outlined in this agreement Defendant will be interviewed by law enforcement agents and/or United States attorneys and that Defendant has the right to have defense counsel present during these interviews. However, after consultation with counsel, and with counsel's concurrence, Defendant hereby knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and United States prosecutors outside of the presence of counsel. If at some future point counsel or Defendant desires to have counsel present during interviews by law enforcement agents and/or United States attorneys, the United States will honor such request, and this change will have no effect on any other terms and conditions of this Agreement.

3. Defendant knowingly and voluntarily waives or gives up all of Defendant's constitutional and statutory rights to a speedy trial and speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the United States with the concurrence of the Court. Defendant also agrees that the sentencing in this case may be delayed until Defendant's cooperation has been completed, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed. Defendant understands that the date for sentencing will be set by the Court.

4. Defendant understands that if the Court accepts this binding Plea Agreement her sentence will be 15 years imprisonment, followed by a term of five years supervised release and restitution. In the event the United States decides in its sole discretion that the assistance provided by Defendant justifies a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, the United States will file a motion with the Court to allow the Court to consider a reduction of Defendant's sentence below 15 years imprisonment. Defendant further understands that if the United States files a motion for reduction of sentence, the sentence to be imposed in such instance is a matter solely within the discretion of the Court. Defendant acknowledges that the Court is not obligated to follow any recommendation of the United States at the time of sentencing or to reduce Defendant's sentence based on Defendant's substantial assistance to the United States, even if the United States files a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

5. In addition, Defendant acknowledges that the United States is not obligated to file any motion in this case for a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Defendant understands that even if this Office files a motion under Rule 35 and informs the Court of Defendant's cooperation, substantial or otherwise, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine permitted by the terms of this Plea Agreement. Defendant further understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

6. Defendant understands and agrees that Defendant will not be allowed to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

7. In the event the United States decides in its sole discretion that the assistance provided by Defendant justifies a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, the United States will file a motion with the Court to allow the Court to consider a reduction of defendant's sentence below 15 years imprisonment.

8. It is understood and agreed that a motion for reduction of sentence shall not be made under any circumstances unless Defendant's cooperation is deemed to be substantial assistance by the United States. The United States has made no promise, implied or otherwise, that the United States will file a motion for reduction of Defendant's sentence. Further, no promise has been made that a motion will be made for reduction of sentence even if Defendant complies with all of the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States.

9. The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the sole discretion of the United States, Defendant has provided substantial assistance that would merit a motion by the United States for a reduction of sentence:

    (a) The United States' evaluation of the significance and usefulness of Defendant's assistance;

    (b) The truthfulness, completeness, and reliability of any information or testimony provided by Defendant;

    (c) The nature and extent of Defendant's assistance;

    (d) Any injury suffered, or any danger or risk of injury to Defendant or Defendant's family resulting from Defendant's assistance; and

    (e) The timeliness of Defendant's assistance.

10. It is understood and agreed that in the event a motion for reduction of sentence is made by the United States based upon Defendant's perceived substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the

extent of the reduction of sentence for substantial assistance; however, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the Court. Defendant specifically acknowledges that she has been advised that in any event, the United States will not recommend probation, but will in fact recommend a prison term.

## II.

## PENALTY

1. The maximum penalty for violating Title 18, United States Code, Section 1117, is life imprisonment, a fine of not more than $250,000, or both. In addition, Defendant is subject to supervised release for a term not exceeding five years.

2. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a term of life imprisonment.

3. Defendant must pay a special assessment of $100 for each count of conviction.

4. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless Defendant establishes that Defendant does not have the ability to pay such costs, in which case the Court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

1. To convict Defendant of Conspiracy to Murder, Title 18, United States Code, Section 1117, the United States must prove each of the following elements beyond a reasonable doubt:

First, Defendant agreed with one or more other persons to violate 18 U.S.C. Section 1111;

Second, Defendant joined the conspiracy knowing its purpose was to murder at least one person with malice aforethought, in a specific location, which was federally-owned land, within the special maritime and territorial jurisdiction of the United States; and she joined the conspiracy intending to help accomplish this purpose; and

Third, during the conspiracy, Defendant or one of her co-conspirators performed an act in furtherance of the conspiracy.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. Defendant is pleading guilty because Defendant is guilty of the charged offense.

2. In pleading guilty to the offense, Defendant acknowledges that if Defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish Defendant's guilt beyond a reasonable doubt.

3. Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. Shortly before July 4, 1998, Defendant was asked by a co-conspirator (hereinafter "Co-conspirator A") to go with another female known to Defendant (hereinafter "Co-conspirator F") to the piercing shop where Lin Newborn worked and flirt with Newborn. Co-conspirator A also asked Defendant and Co-conspirator F to invite Newborn to socialize with the women in a location in the desert on a specific day and time, which was a day or two after the women went to the piercing shop. Co-conspirator A told Defendant that he and several others were going to be waiting with guns at the desert location and were planning to shoot and kill

Newborn. Defendant agreed to go with Co-conspirator F to the piercing shop and invite Newborn to socialize with the women in the desert.

5. Shortly before July 4, 1998, Defendant went with Co-conspirator F to the piercing shop where Newborn was working. Defendant and Co-conspirator F talked to Newborn and invited him to socialize with the women in the desert at some point in the near future. Daniel Shersty, a friend of Newborn who was also at the piercing shop, was invited to socialize with the women and Newborn at a party spot in the desert. On July 3, 1998, Defendant and Co-conspirator F contacted Newborn and Shersty to determine if they were still interested in socializing. Defendant and Co-conpspirator F confirmed with Newborn and Shersty a plan to meet late in the evening on July 3, 1998. Defendant and Co-conspirator F met with Newborn and Shersty at a pre-determined location and time. Newborn and Shersty followed the women in a separate car. Shortly after arriving at the desert location, Co-conspirator A and several other co-conspirators shot and killed Newborn and Shersty.

6. Defendant acknowledges that the United States could prove beyond a reasonable doubt that the murders of Newborn and Shersty occurred on land within the special maritime jurisdiction of the United States. All of the events described above took place in the State and Federal District of Nevada.

7. Both the United States and Defendant agree that this section of the Plea Agreement (Section IV) does not contain all of the relevant information known to Defendant. The parties also agree that the facts contained in Section IV provide a sufficient factual basis for the crime to which Defendant is pleading guilty, but the facts contained in Section IV are not an exhaustive statement by Defendant.

## V.
## ACKNOWLEDGMENT

1. Defendant, acknowledges by Defendant's signature below that Defendant has read this Memorandum of Plea Agreement, that Defendant understands the terms and conditions, and the factual basis set forth herein, that Defendant has discussed these matters with Defendant's

attorney, and that the matters set forth in this memorandum, including the facts set forth in Section IV above are true and correct.

2. Defendant acknowledges that Defendant has been advised, and understands, that by entering a plea of guilty Defendant is waiving, that is, giving up, certain rights guaranteed to Defendant by law and by the Constitution of the United States. Specifically, Defendant is giving up:

    a. The right to be indicted by a federal grand jury;

    b. The right to proceed to trial by jury on the original charges, or to a trial by a judge if Defendant and the United States both agree;

    c. The right to confront the witnesses against Defendant at such a trial, and to cross-examine them;

    d. The right to remain silent at such trial, with such silence not to be used against Defendant in any way;

    e. The right, should Defendant so choose, to testify in Defendant's own behalf at such a trial;

    f. The right to compel witnesses to appear at such a trial, and to testify in Defendant's behalf; and

    g. The right to have the assistance of an attorney at all stages of such proceedings.

3. Defendant, Defendant's attorney, and the attorneys for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either Defendant, Defendant's attorney, or the attorneys for the United States.

2/21/12
DATED

DANIEL G. BOGDEN
United States Attorney

KATHLEEN BLISS
Assistant United States Attorney

13

```
                                    THOMAS E. PEREZ
                                    Assistant Attorney General
                                    Civil Rights Division


2/21/12                             [signature]
DATED                               ─────────────────────────────
                                    PATRICIA A. SUMNER
                                    Trial Attorney

2/21/12                             [signature]
DATED                               ─────────────────────────────
                                    CHAD BOWERS
                                    Defense Counsel for Mandie Abels

2/21/12                             [signature]
DATED                               ─────────────────────────────
                                    MANDIE L. ABELS
                                    Defendant
```