IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEVADA
CASE NO: 2:12-CR-58-PMP-RJJ

MANDIE LEE ABELS,
       PETITIONER

VS

UNITED STATES OF AMERICA,
       RESPONDENT



---

MOTION PURSUANT TO 28 U.S.C. §2255 IN LIGHT OF AMENDMENT 794 REDUCTION FOR MINOR ROLE

---

COMES Now, the petitioner in this matter, Mandie Lee Abels, proceeding pro se at this juncture, respectfully asks of this Honorable Court to accept the hereto motion Pursaunt to 28 U.S.C. §2255, as the holding in United States v Quintero-Leyva, 2016 WL 2865713(9th Cir.), which held that the Sentencing Commission's recent "minor role", amendment is retroactive because it is a clarifying amendment, has a major affect on the sentence imposed in this case, leaving unanswered questions open for review, as to the constitutionality of said sentence, as it relates to the petitioner's amendment rights. In support thereof, the petitioner states the following in support of the constiutional argument raised herein:

> In Febuary 2012, petitioner entered a plea of guilty to (1) count Conspiracy to Murder in violation of Title 18:1117.

In a Presentence Investigation Report, the probation officer found that the applicable Offense Level was 43 and a Criminal History Category was I.  In May of 2012 petitioner was senteced (180) months followed by (5) years supervised release. Neither the Government nor the PSR recommended a minor role reduction, which grants a two point reduction to petitioners who are found to be 'substantially less culpable than the average participant in the criminal activity.

The petitioner was not an organizer or leader. Petitioner was in fact a 20 year old woman easily influenced by her peers.  Ms. Abels was highlight to the District Court her youth and naivete, her limited role in the scheme, and her lack of prior criminal history. The petitioner further states that at no time was she fully aware of the ramifications of her actions. In fact when she finally realized what the true outcome of the situation was, petitioner tried to do everything in her power to bring justice to the victims. A fact agreed on ny the U.S. Attorney when he petitioned the court for a Rule 35 on the behalf of the petitioner. On January 6, 2015 petitioner was re-senteced to (120) months, reduced from (180) months.

Amendement (794) under §3B1.2 took effect November 1, 2015, therefore allowing those offenders the opportunity to file for relief up to November 1, 2016. Under §3B1.2, all factors must be considered in order to ascertain whether or not a defendant qualifies for the minor role.

The amendment generally adopted the approach of this Court and the Seventh Circuit, stating that when a district court conducts

an assessment of whether a defendant should receive a role reduction, " the defendant is to be compared with the other participants", in the crime, not with a hypothetical average particpant.

The Supreme Court's practice of safeguarding the availability of a meaningful opportunity for at least on full round of round of federal post-conviction review is equally apparent in the following rulings on various aspects of AEDPA. See <u>Castro v U.S., 540 US 375 (2003)</u>.

In <u>Slack v McDaniel</u>, the state asked the Court to construe the certificate of appealability provision-which conditions the issuance of a certificate upon a 'substantial showing of the denial of a constitutional right.' [28 USC 2253(c)(2)(2006) (emphasis added)-to limit appeals to "constitutional" rulings and thereby forbid the issuance of a certificate of appealability when a district court denies a petition on procedural grounds without reaching the underlying constitutional claim.

The Court "rejected this interpretation" because of its obviously deleterious effect on the writ's ability to fullfill its "vital role in protecting constitutional rights." 529 U.S. at 483. For discussion of the standard the Court adopted for issuance of certificate of appealability in cases of this sort, see infra §35.4b.n32.

In <u>Miller-El v Cockrell, 537 U.S. 322(03)</u>, the Court held that the 5th Circuit had eleuded two seperate stages of the process- determination whether to issue a COA and the assessment of the

merits (id at 335-36). Deciding the substance of an appeal in what should only be a threshold inquiry, undermines the concept of a COA. id at 342. A claim can be debateable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail.

So to summarize, the petitioner, not having received a minor role in her case, comes now, respectfully asking this court to consider the culpability she had within the crime, and the disparity of sentences amongst the other participants. The petitioner asks the court to take into view the cooperation she gave the government in correcting the wrongs done in her situation. The petitioner not having received an enhancement under the leader/organizer/mangerial provision, is deserving of a reduction of sentence for her minimal participation.

Wherefore, petitioner, Ms Abels, respectfully asks that this Court consider the hereto motion, and grant relief, as she qualifies under the provisions set forth under §3b1.2. When one thinks about it, this amendment is really an extention of what the Sentencing Commission has been feverently trying to do, as it relates to easing the burden on the prison system, by giving relief to those offenders who received harsh sentences without the benefit of culpability, as to their sole role.

Thank you.

Respectfully submitted,

_____

## CERTIFICATE OF SERVICE

I, Mandie Lee Abels, cerify under the penalty of perjury, that a true and correct copy of the foregoing has been placed in the FCI mailbox in Aliceville, AL 35442, on this 21st day of July, 2016. This enclosed motion is deemed filed upon placement in the prison mail room, and mailed to the following:

> Lloyd D George
> United States Courthouse
> 333 Las Vegas Blvd
> 1st floor
> LAS Vegas, NV  89101

SO SERVED,

## UNSWORN DECLARATIONS UNDER PENALTY OF PERJURY

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED  July 21, 2016  ,

Mandie Lee Abels
Reg.# 46604-048
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

FEDERAL CORRECTIONAL
INSTITUTION - ALICEVILLE
MAIDIE ABELS #46604-018
PO BOX 4000
ALICEVILLE/AL 35442

46604-048
Lloyd D George
United States Courthouse
333 LAS Vegas BLVD S
1st Floor
LAS Vegas, NV 89101
United States

